UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

13-8210-WM

UNITED STATES OF AMERICA

v.   CASE NO. 8:13-CR-193-T-35-TGW
18 U.S.C. § 1343
SZILARD POP   18 U.S.C. § 1341
 a/k/a "Michael Vervoort"   18 U.S.C. § 1342
 a/k/a "Stepan Karban"

**INDICTMENT**

FILED by _____ D.C.

APR 1 8 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

The Grand Jury charges:

**COUNTS ONE THROUGH TWELVE**
(Wire Fraud)

**A. Introduction**

1.  At all times material to this Indictment:

    (a)   Defendant SZILARD POP is a resident of Florida and uses the aliases Michael Vervoort and Stepan Karban.

    (b)   Global Auto Center, LLC, is a Florida Limited Liability Company formed on or about April 12, 2012. Michael Vervoort AKA POP is the only listed manager of the company.

    (c)   On or about April 19, 2012, Wells Fargo Bank opened an account in the name Global Auto Center, LLC, based on an application submitted by Michael Vervoort AKA POP. Vervoort was the only authorized signer on the account.

(d)     On or about April 19, 2012, TD Bank opened an account in the name Global Auto Center, LLC, based on an application submitted by Michael Vervoort AKA POP. Vervoort was the only authorized signer on the account.

(e)     On or about April 20, 2012, Regions Bank opened a checking account in the name Global Auto Center, LLC, based on an application submitted by Michael Vervoort AKA POP. Vervoort was the only authorized signer on the account.

(f)     United Group Center, LLC, is a Florida Limited Liability Company formed on or about May 18, 2012. Stepan Karban a/k/a POP is the only listed manager of the company.

(g)     On or about May 23, 2012, SunTrust Bank opened a checking account in the name United Group Center, LLC, based on an application submitted by Michael Vervoort AKA POP. Vervoort was the only authorized signer on the account.

(h)     On or about May 23, 2012, Bank of America opened an account in the name United Group Center, LLC, based on an application submitted by Stepan Karban AKA POP. Karban was the only authorized signer on the account.

(i)     On or about May 30, 2012, BB&T Bank opened an account in the name United Group Center, LLC, based on an application submitted by

2

Stepan Karban AKA POP. Karban was the only authorized signer on the account.

### B. Scheme and Artifice

2. Beginning on an unknown date, but at least as early as on or about April 12, 2012, and continuing through and including at least on or about June 6, 2012, in the Middle District of Florida and elsewhere,

SZILARD POP,

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire and radio communication in interstate and foreign commerce of any writings, signs, signals and sounds.

### C. Manner and Means of the Scheme

3. The manner and means by which the defendant sought to accomplish the scheme and artifice to defraud included, among others:

(a) It was a part of the scheme and artifice to defraud that defendant POP and others known and unknown to the Grand Jury would and did establish fraudulent business entities, including Global Auto Center, LLC, and United Group Center, LLC.

3

(b)     It was further a part of the scheme that defendant POP and others known and unknown to the Grand Jury would and did establish bank accounts for their fraudulent business entities.

(c)     It was further a part of the scheme that defendant POP and others known and unknown to the Grand Jury would and did place advertisements on the internet regarding the sale of high-end vehicles.

(d)     It was further a part of the scheme that defendant POP and others known and unknown to the Grand Jury would and did claim to potential purchasers to possess high-end vehicles and be willing to sell them, when in fact defendant POP and others known and unknown to the Grand Jury did not intend to provide the purchasers with the vehicles.

(e)     It was further a part of the scheme that defendant POP and others known and unknown to the Grand Jury would and did negotiate via the internet and telephone with potential purchasers of the high-end vehicles that were purportedly for sale regarding the purchase prices of the vehicles.

(f)     It was further a part of the scheme that defendant POP and others known and unknown to the Grand Jury would and did accept payment via wire transactions for the purported vehicles.

(g)     It was further a part of the scheme that defendant POP and others known and unknown to the Grand Jury would and did cut off

4

communication with the purchasers of the purported vehicles after receiving payment without providing the purchased vehicles.

    (h)    It was further a part of the scheme that defendant POP and others known and unknown to the Grand Jury would and did use the funds they received for the purported vehicles for their own benefit and the benefit of others.

    (i)    It was further a part of the scheme that defendant POP and others known and unknown to the Grand Jury would and did withdraw the fraudulently obtained funds from the bank accounts they controlled using wire transfers, ATM withdrawals, debit card purchases, and other methods.

    (j)    It was further part of the scheme that defendant POP would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and artifice to defraud and the purpose of those acts.

### D. Interstate Wire Transmissions

4.    On or about the dates listed below, in the Middle District of Florida and elsewhere,

SZILARD POP,

the defendant herein, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, transmitted and caused to be transmitted by wire in interstate and foreign commerce the following communications:

| Count | Date | Description of Wire |
|---|---|---|
| ONE | May 10, 2012 | Wire for $22,000.00 to the Wells Fargo Bank account in the name Global Auto Center, LLC |
| TWO | May 11, 2012 | Wire for $167,000.00 to the TD Bank account in the name Global Auto Center, LLC |
| THREE | May 15, 2012 | Wire for $37,000.00 from the Wells Fargo Bank account in the name Global Auto Center, LLC |
| FOUR | May 17, 2012 | Wire for $75,000.00 from the TD Bank account in the name Global Auto Center, LLC |
| FIVE | May 29, 2012 | Wire for $49,000.00 to the Suntrust Bank checking account in the name United Group Center, LLC |
| SIX | May 30, 3012 | Wire for $38,900.00 from the Suntrust Bank checking account in the name United Group Center, LLC |
| SEVEN | May 30, 2012 | Wire for $20,640.00 to the Regions Bank checking account in the name Global Auto Center, LLC |
| EIGHT | May 31, 2012 | Wire for $52,900.00 from the Regions Bank checking account in the name Global Auto Center, LLC |
| NINE | June 1, 2012 | Wire for $63,000.00 to the Bank of America checking account in the name United Group Center, LLC |
| TEN | June 4, 2012 | Wire for $23,900.00 from the Bank of America checking account in the name United Group Center, LLC |
| ELEVEN | June 8, 2012 | Wire for $68,700.00 to the BB&T Bank business value account in the name United Group Center, LLC |
| TWELVE | June 8, 2012 | Wire for $26,700.00 from the BB&T Bank business value account in the name United Group Center, LLC |

All in violation of Title 18, United States Code, Section 1343.

6

## COUNTS THIRTEEN THROUGH FOURTEEN
(Mail Fraud)

### A. Introduction

1. The Grand Jury hereby realleges Paragraph 1 of Counts One Through Twelve of this Indictment and incorporates such paragraph by this reference as though fully set forth herein.

### B. Scheme and Artifice

2. Beginning on an unknown date, but at least as early as on or about April 12, 2012, and continuing through and including at least on or about June 6, 2012, in the Middle District of Florida and elsewhere,

SZILARD POP,

the defendant herein, with intent to defraud, devised and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing the mails and private and commercial interstate carriers in furtherance of this scheme and artifice to defraud.

### C. Manner and Means of the Scheme

3. The substance of the manner and means of the scheme and artifice to defraud is described in Paragraph 3 of Counts One Through Twelve of this Indictment, and the Grand Jury hereby incorporates such paragraph by this reference as though fully set forth herein.

7

### D. Mailings

4.      On or about the dates set forth below, in the Middle District of Florida and elsewhere,

SZILARD POP,

the defendant herein, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did knowingly cause to be placed in an authorized depository for mail matter the following things for delivery according to the directions thereon:

| Count | Date | Description of Mailing |
|---|---|---|
| THIRTEEN | April 20, 2012 | Debit Card for the Regions Bank checking account in the name Global Auto Center, LLC |
| FOURTEEN | May 30, 2012 | Debit Card for the BB&T Bank business value account in the name United Group Center, LLC |

All in violation of Title 18, United States Code, Section 1341.

### COUNTS FIFTEEN AND SIXTEEN
(Use of Fictitious Names)

On or about the dates set forth below, in the Middle District of Florida and elsewhere,

SZILARD POP,

the defendant herein, did knowingly and willfully use assumed names other than his own for the purpose of conducting, promoting, and carrying on by means of the United States Postal Service a scheme and artifice to defraud using the

8

mails, in violation of Title 18, United States Code, Section 1341, as alleged in Counts Thirteen and Fourteen of the Indictment, which counts are realleged and incorporated as though fully set forth herein:

| Count | Date | Description |
|---|---|---|
| FIFTEEN | April 9, 2012 | Use of the name Michael Vervoort to receive mail at a UPS store located on Little Road, in New Port Richie, Florida |
| SIXTEEN | May 14, 2012 | Use of the name Stepan Karban to receive mail at a UPS store located on Mariner Boulevard, in Spring Hill, Florida |

In violation of Title 18, United States Code, Section 1342.

## FORFEITURE

1.  The allegations contained in Counts One through Sixteen of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  The defendant, SZILARD POP, upon conviction of a violation of Title 18, United States Code, Sections 1341, 1342 and 1343 shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3.  The property to be forfeited includes, but is not limited to, a money

judgment in the amount of approximately $1,700,000.00.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
SARA C. SWEENEY
Assistant United States Attorney

By: _____
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section